IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | CASE NO. 8:03CR574 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| CASIMIRO GAONA-LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on initial review of the defendant, Casimiro Gaona-Lopez's, "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255). (Filing No. 60).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

After a jury found defendant guilty on Count II of the Indictment charging him with attempted possession with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) and 21 U.S.C. § 846 this court sentenced him to 188 months in the custody of the Bureau of Prisons followed by five years of supervised release. Defendant filed a direct appeal arguing that insufficient evidence supported his conviction and that the district court failed to give the jury a mere-presence

instruction. The Eighth Circuit affirmed the conviction. (Filing No. 52). In defendant's §2255 motion, he raises three grounds for relief: (1) the petitioner's rights under the Vienna Convention on Counselor Relations was violated; (2) the Petitioner's sentence will be served under circumstances that are more severe than those facing a United States citizen under similar circumstances; and (3) whether a controlled substance is a schedule II or III drug is a fact that changes his statutory maximum.

**Vienna Convention**

The government shall Answer this claim. In addition to any other issues raised in the answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness

**Sentence**

Next, defendant argues that his sentence is unconstitutional because it will be served under circumstances that are more severe than those facing United States citizens. Specifically, defendant complains of what he describes as the unusually harsh collateral consequences of deportation following his sentence and his ineligibility for a minimum security facility or a half-way house.

The issue of whether alien status and the collateral consequences flowing from that status justify departure was addressed in *United States v. Lopez-Salas,* 266 F.3d 842 (8th Cir. 2001). In that case, the court concluded that, "a departure on this basis is only appropriate in exceptional circumstances, such as where there is a substantial, undeserved increase in the severity of conditions of confinement." *Id.* When specifically addressing the issue of ineligibility for a minimum security facility, such as a half-way house, the Eighth

Circuit held that the fact that a deportable alien may be subject to some increases in the severity of the conditions of confinement alone is not sufficient to make his case atypical or unusual. *Id.* at 849. Here, defendant's sentence does not represent an exceptional circumstance representing an undeserved severity in conditions of confinement. Therefore, it appears plainly from the face of the § 2255 motion and the record that defendant is not entitled to relief on this claims and the claim is denied.

**Drug Classification**

The government shall Answer defendant's third claim. In addition to any other issues raised in the answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness

IT IS ORDERED:

1. The Court has completed the initial review of the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 60);

2. Upon initial review, the Court finds that summary dismissal of the defendant's First and Third claims in the § 2255 motion is not required;

3. On or before September 1, 2006, the United States shall file an Answer to the defendant's First and Third claims in the § 2255 motion and support its Answer with a brief;

4. On or before October 6, 2006, the defendant may file a responsive brief addressing only the First and Third claims;

5.  Upon initial review, the Court finds that summary dismissal of the Defendant's Second claim in the § 2255 motion is required, and the Second claim is summarily denied; and

6.  The Clerk is directed to mail a copy of the Memorandum and Order to the defendant at his last known address.

DATED this 31st day of July, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge