# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES of AMERICA,** | ) | **CASE NO. 8:03CR574** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **CASIMIRO GAONA-LOPEZ,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside Or Correct Sentence By a Person In Federal Custody (§ 2255 motion) (Filing No. 60).

## FACTUAL BACKGROUND

A jury found the Defendant guilty of Count II of the Indictment charging him with attempted possession with intent to distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). He was sentenced to 188 months imprisonment and followed five years supervised release. Defendant filed a direct appeal, arguing that insufficient evidence supported his conviction and that the district court failed to give the jury a mere presence instruction. The Eighth Circuit affirmed the Defendant's conviction. (Filing No. 52.) In his §2255 motion, the Defendant raises three grounds for relief: 1) the petitioner's rights under the Vienna Convention on Counselor Relations were violated; 2) the petitioner's sentence will be served under circumstances that are more severe than those facing a United States citizen under similar circumstances; and 3) whether a controlled substance is a schedule II or III drug is a fact that changes his statutory maximum. Upon initial review, this court dismissed the second claim and ordered the government to answer or otherwise respond to the first and third claims.

## DISCUSSION

**Claim One - Vienna Convention**

Gaona-Lopez claims that, because the government failed to advise him of his rights to notify and communicate with the Mexican consulate following his arrest, his conviction and sentence are in violation of Article 36 of the Vienna Convention on Consular Relations ("Vienna Convention"), April 24, 1963, art. 36, 21 U.S.T. 77, 101. The government concedes that there is no evidence that the Defendant was advised of his right to have the Mexican Consul notified of his arrest, but argues that his claim must fail because Mexico is not a mandatory notification country under the Vienna Convention, the Defendant procedurally waived this issue, and he was not prejudiced by the government's failure to notify the Mexican consulate.

The Vienna Convention was adopted by the United Nations in 1964 and ratified by the United States in 1969, thereby, becoming the supreme law of the land. U.S. Const. Art. VI, cl. 2; *see also Breard v. Greene*, 523 U.S. 371, 376 (1998); *Gomez v. United States*, 100 F. Supp. 2d 1038, 1047 (D.S.D. 2000). Article 36 of the Vienna Convention provides what a member state must do when a foreign national is arrested or detained:

> If he so requests the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph.

Vienna Convention, art. 36.

Regulations have been established to implement the Convention. 28 C.F.R. § 50.5(a)(2) states that an arresting agent shall "inform the nearest U.S. Attorney of the arrest and of the arrested person's wishes regarding consular notification."

However, in interpreting the Vienna Convention, the Supreme Court has stated:

> it has been recognized in international law that, absent a clear and express statement to the contrary, procedural rules of the forum State govern the implementation of the treaty in that State. This proposition is embodied in the Vienna Convention itself, which provides that the rights expressed in the Convention "shall be exercised in conformity with the law and regulations of the receiving State," provided that "said laws and regulations must enable full effect to be given to the purposes for which the rights accorded under this Article are intended."

*Breard*, 523 U.S. at 376 (quoting Article 36(2) [1970] 21 U.S.T., at 101) (citations omitted).

Under *United States v. Frady*, 456 U.S. 152, 167 (1982), a defendant would have to show "cause and actual prejudice" to obtain collateral relief from an error not objected to contemporaneously at trial. Furthermore, a defendant who procedurally defaulted a claim by failing to raise it on direct appeal may raise that claim in a § 2255 motion only by demonstrating cause for the default and prejudice or actual innocence. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001).

Defendant waived the instant claim as he failed to assert this claim at trial or on direct appeal. Nevertheless, even if the claim were properly before this Court, the Defendant is not t entitled to relief since he failed to establish that he was prejudiced by any violation of the Vienna Convention. *United States v. Ortiz*, 315 F.3d 873, 878 (8th Cir. 2002).

The Defendant has failed to make a showing of prejudice. He argues that had he been informed of his right he would have contacted the consulate, but he does not

3

establish how this consultation would have altered his case. Indeed, the Defendant was afforded competent counsel at trial and on appeal. As in *Gomez,* had consular notification been given, Gaona-Lopez "would have been able to talk to someone who could do no more (and probably far less) to protect his rights than trial counsel." *Gomez,* 100 F. Supp.2d at 1049. Because the Defendant has not established that he was prejudiced for his claimed Vienna Convention violation, this claim is procedurally defaulted and therefore denied.

**Claim Two - Drug Classification**

Next, the Defendant argues that his sentence was in error because powder methamphetamine is a schedule III controlled substance and liquid methamphetamine is a Schedule II substance.

The Defendant is procedurally barred from raising this issue as he failed to raise it at trial or on direct appeal and has not established cause or prejudice for this error. Moreover, the Defendant's argument lacks merit. In 1971, the Attorney General took the necessary steps to change methamphetamine from a Schedule III to a Schedule II substance. *United States v. Roark*, 924 F.2d 1426, 1428-29 (8th Cir. 1991) (finding Attorney General and Bureau of Narcotics and Dangerous Drugs followed correct procedures and made necessary findings in 1971 to reclassify methamphetamine as a Schedule II controlled substance).

## CONCLUSION

Because the Defendant's claims fail, his § 2255 motion is denied with prejudice. IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside Or Correct Sentence By a Person In Federal Custody (§ 2255 motion) (Filing No. 60) is denied;

2. A separate Judgment will be entered; and

3. The Clerk of Court is directed to send a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 12th day of March, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge